# 8150

NO. 8150

JACOBS CANDY CO

VS

DENNIS SHEEN TRANSFER CO.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS

---

Court of Appeal,
PARISH OF ORLEANS
FILED DEC 12/21
J D Stansbury

By his Honor John St. Paul.

This case comes before us on appeal from a judgment maintaining an exception of no cause of action. The petition is lengthy, but recites in substance that defendant, as drayman for plaintiff, hauled certain barrels of shelled nuts, but refused to deliver them unless plaintiff would give a"clean" receipt for them; which plaintiff refused to do, because one of said barrels had broken open and some of its contents had been damaged. That notwithstanding repeated demands, and warnings that said nuts would deteriorate if not delivered at once, said defendants delayed nine days before attempting to make delivery anew. That thereupon plaintiff found the nuts already badly deteriorated, and insisted on the presence of some one in authority from defendant to assist in the examination; and when this could not be obtained, plaintiff, plaintiff refused to accept the shipment. It is not alleged that defendant then insisted on a clean receipt, nor is the contrary alleged or clearly to be inferred. That defendant waited again 20 days before once more tendering delivery, and this time sent its duly authorized representative, in whose presence the whole shipment was

180

then examined and found unfit for use. There are some allegations, about a demand on the part of plaintiff that defendant should agree to pay the cost of seperating the good from the bad out of the shipment; but this is not made clear.

On the whole, however, we do not think that this case should go off on an exception. Certainly defendant was originally in the wrong, and it is equally certain that _some_ damage occurred in the nine days between the first and second attempt at delivery. It may be that _after that_ plaintiff was insistent upon things on which it had no right to insist, and this contributed to the _further_ damages suffered thereafter; but we cannot determine whether these demands were or were not reasonable until we have heard the evidence. And whether or not it will be possible to seperate the damage which occurred _before_ plaintiff came to be at fault (if it so came) can again be determined only after looking into the evidence.

It is therefore by no means certain that plaintiff can recover nothing at all; and such being the case the Exception of No Cause of Action must be overruled. For an exception of no cause of action should not be sustained unless it is clear that plaintiff can recover nothing under

181

his claim; if the claim be only doubtful the exception should be overruled and the case heard on the merits. Orleans Appeals; 119 La 106; 122 La 831-835.

The judgment appealed from is therefore reversed; and the exception of no cause of action is overruled and the case remanded for trial on the merits according to law; defendant to pay the costs of this appeal and the other costs to await final judgment.